IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Plaintiff,<br><br>  v.<br><br>JUAN LOZANO; NORMA LOZANO; and DOES 1 through 25, inclusive,<br><br>        Defendants.<br>_____/ | No. 2:12-cv-00877 JAM KJN PS<br><br><br><br><br><br>ORDER and FINDINGS AND RECOMMENDATIONS |

Presently before the court is plaintiff's motion to remand this unlawful detainer action to the Superior Court of California for the County of San Joaquin ("Superior Court"), which also seeks a recovery of attorney's fees and costs (Dkt. No. 3).[1] Defendant Juan Lozano failed to file a written opposition or other response to plaintiff's motion to remand, and defendant Norma Lozano has not appeared in this action.

Because oral argument would not materially aid the resolution of the pending motion, this matter is submitted on the briefs and record without a hearing. See Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g).  Having reviewed the moving papers and record in this case,

---

[1] This matter proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

the undersigned recommends that plaintiff's motion to remand be granted and that this case be remanded to the Superior Court on the grounds that this court lacks federal subject matter jurisdiction over plaintiff's unlawful detainer claim. The undersigned recommends that plaintiff's request for attorney's fees and costs be denied.

I.   BACKGROUND[2]

On December 20, 2011, plaintiff initiated a limited civil case[3] in the Superior Court by filing a Verified Complaint for Unlawful Detainer, which notes that the amount demanded "is less than $10,000.00" ("Complaint"). (Compl. at 1, attached to Notice of Removal as part of Ex. A, at Dkt. No. 1 at 11-12.[4]) Plaintiff filed its case seeking to recover possession of the subject residential property located in Stockton, California. (Compl. ¶ 2.)

The Complaint alleges that on or about November 2, 2011, plaintiff became the owner of the property by purchasing it at a trustee's sale following foreclosure proceedings, and that plaintiff perfected title in its own name. (Compl. ¶ 3.) Attached to the Notice of Removal is a Trustee's Deed Upon Sale recorded with the San Joaquin County Recorder's office on November 29, 2011 (Dkt. No. 1 at 15-18).

////

---

[2] Plaintiff filed a request for judicial notice, which asks the court to take judicial notice of the dates of recording of a Deed of Trust and a Trustee's Deed Upon Sale, plaintiff's Complaint, defendant Juan Lozano's Demurrer filed in the Superior Court, Mr. Lozano's Answer filed in the Superior Court, and Mr. Lozano's Notice of Removal. (Req. for Judicial Notice, Dkt. No. 3, Doc. No. 3-4.) The undersigned denies plaintiff's request because: (1) plaintiff's request is premised solely on California law and not the Federal Rules of Evidence or federal case law; (2) plaintiff failed to attach several of the subject documents to its request, i.e., the Complaint, the Demurrer, the Answer, and the Notice of Removal; and (3) the documents (or dates of recording) to be noticed are either already attached to the Notice of Removal or are not required for resolution of this motion.

[3] A limited civil action in the California Superior Courts is one where the "whole amount of damages claimed is twenty-five thousand dollars ($25,000) or less." See Cal. Civ. Proc. Code § 86(a)(4).

[4] Because of the lack of clear exhibit tabs and page numbers in the Notice of Removal, the undersigned occasionally refers to documents attached to the Notice of Removal by the page numbers assigned by the court's electronic filing system.

1   Plaintiff alleges that on December 9, 2011, it provided defendants with a notice to
2 vacate the premises and deliver possession of the property within three days if they were the
3 previous owners, which appears to be the case (Dkt. No. 1 at 20-22).  Plaintiff alleges that
4 defendants failed to timely vacate and deliver possession of the property and continue to possess
5 and occupy the property.  (Compl. ¶¶ 5, 7.)  Through this action, plaintiff seeks: (1) restitution of
6 the premises, (2) damages for unlawful detention at a rate of $60 per day of hold-over occupancy
7 from the expiration of the notice to vacate through the entry of judgment; and (3) costs of suit.
8 (Id. at 2.)

9   Defendant Juan Lozano appears to have filed a demurrer to the Complaint in the
10 Superior Court, but it is unclear when Mr. Lozano filed the demurrer (see Dkt. No. 1 at 26-31).
11 The Notice of Removal asserts that the demurrer was "based on a defective notice, i.e., the
12 Notice to Occupants to Vacate Premises, failed to comply with The Protecting Tenants at
13 Foreclosure Act [12 U.S.C. §5220]." (Notice of Removal ¶ 8.)  It further represents that the
14 demurrer was not sustained.  (Id. ¶ 9.)  For its part, plaintiff represents in its motion that the
15 demurrer was filed on January 13, 2012, that the demurrer was overruled, and that Mr. Lozano
16 filed an Answer to the Complaint on February 24, 2012.  (Mot. to Remand at 3-4.)  However,
17 none of these representations is substantiated by a declaration or judicially noticeable documents.
18 In any event, the facts concerning the filing and denial of the demurrer, and the filing of the
19 answer, are not material to the resolution of the motion to remand.

20   Mr. Lozano removed this unlawful detainer action to federal court on April 5,
21 2012, pursuant to 28 U.S.C. § 1441(a), asserting that this court has subject matter jurisdiction
22 over plaintiff's claim pursuant to 28 U.S.C. § 1331.[5]  (Notice of Removal ¶¶ 5-6, 10.)  Mr.
23 Lozano asserts that "[f]ederal question jurisdiction exists because Defendants' [sic] demurrer, a

---

[5] The Notice of Removal does not assert that this court can exercise subject matter jurisdiction over plaintiff's unlawful detainer claim based on the diversity jurisdiction statute, 28 U.S.C. § 1332(a).

3

pleading depend on the determination of Defendants' [*sic*] rights and Plaintiff's duties under federal law." (Id. ¶ 10.) The implication of Mr. Lozano's statement appears to be that he believes this case was removable on the basis of his defense to the unlawful detainer action premised on the adequacy of the notice to quit under the Protecting Tenants at Foreclosure Act of 2009. Defendant Norma Lozano did not join in the removal, and the record does not suggest that she consented to the removal.

On May 30, 2012, plaintiff filed its motion to remand, arguing that this court lacks subject matter jurisdiction over its single unlawful detainer claim, that Mr. Lozano's removal was untimely, and that the Notice of Removal is "defective in form and content."[6] As noted above, Juan Lozano failed to oppose or otherwise respond to the motion to remand, and Norma Lozano has not yet appeared in federal court.

II.     LEGAL STANDARDS

In relevant part, the federal removal statute provides:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a). "The defendant bears the burden of establishing that removal is proper." Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009), cert. denied, 131 S. Ct. 65 (2010). "The removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance" Geographic Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1106 (9th Cir. 2010) (citation and quotation marks omitted).

////

---

[6] In light of the conclusion set forth below that the court lacks subject matter jurisdiction, the undersigned declines to address plaintiff's argument that the removal was untimely or "defective in form and content."

4

1         Additionally, a federal court has an independent duty to assess whether federal
2 subject matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors
3 Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district
4 court had a duty to establish subject matter jurisdiction over the removed action *sua sponte*,
5 whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339,
6 342 (9th Cir. 1996).  Because subject matter jurisdiction may not be waived by the parties, a
7 district court must remand a case if it lacks jurisdiction over the matter.  Kelton Arms
8 Condominium Owners Ass'n, Inc. v. Homestead Ins. Co.,346 F.3d 1190, 1192 (9th Cir. 2003)
9 (citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir.
10 1998)); see also 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the
11 district court lacks subject matter jurisdiction, the case shall be remanded.").

12 III.       DISCUSSION

13         Juan Lozano's Notice of Removal asserts that removal was proper on the basis of
14 the court's federal question jurisdiction.  (See Notice of Removal ¶¶ 5-6, 10.)  For the reasons
15 that follow, the undersigned concludes that this court lacks subject matter jurisdiction over
16 plaintiff's claim.  The court also denies plaintiff's request for attorney's fees and costs.

17       A.       The Propriety of Removal to Federal Court

18         Before addressing the question of subject matter jurisdiction, the undersigned
19 notes that Juan Lozano's removal of the unlawful detainer case to this court is facially defective
20 because Norma Lozano did not join in the removal, and there is no evidence in the record that
21 suggests Norma Lozano consented to the removal.  A general rule referred to as the "rule of
22 unanimity" provides that "all defendants must consent to or join in a removal" of a case to
23 federal court.  Atl. Nat'l Trust LLC v. Mt. Hawley Ins. Co., 621 F.3d 931, 933 (9th Cir. 2010)
24 (citing Chicago Rock Island & Pac. Ry. Co. v. Martin, 178 U.S. 245, 248 (1900)); accord Proctor
25 v. Vishay Intertechnology Inc., 584 F.3d 1208, 1225 (9th Cir. 2009); see also 28 U.S.C.
26 § 1446(b)(2)(A).  Nevertheless, because certain exceptions to the rule of unanimity exist, and the

record is rather underdeveloped, the undersigned does not recommend the remand of this case on the basis of the rule of unanimity and proceeds to evaluate the court's subject matter jurisdiction.[7]

       Turning to the question of jurisdiction, district courts have federal question jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8-9 (1983)). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Placer Dome, Inc., 582 F.3d at 1091; see also Ultramar Am. Ltd. v. Dwelle, 900 F.2d 1412, 1414 (9th Cir. 1990) ("Ordinarily, the existence of federal question jurisdiction is determined from the face of the complaint."). "In determining the existence of removal jurisdiction, based upon a federal question, the court must look to the complaint *as of the time the removal petition was filed*. Jurisdiction is based on the complaint as originally filed . . . ." Abada v. Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks omitted).

       Here, plaintiff filed its Complaint in the Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint. See, e.g., U.S.

---

[7] For example, the removing defendant need not obtain the consent of the remaining defendants who have not been served with process in the case. Salveson v. W. States Bankcard Ass'n, 731 F.2d 1423, 1429 (9th Cir. 1984) ("Our circuit rule is that a party not served need not be joined; the defendants summonsed can remove by themselves."), superseded by statute on unrelated grounds, as noted in Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 n.3 (9th Cir. 1988); accord Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).

Bank Nat'l Ass'n v. Tyler, No. C 10-4033 PJH, 2010 WL 4918790, at *2 (N.D. Cal. Nov. 12, 2010) (unpublished) (concluding that a single claim for unlawful detainer under state law does not provide a basis for federal question jurisdiction); OneWest Bank FSB v. Ignacio, No. CIV S-10-1683 JAM DAD PS, 2010 WL 2696702, at *2 (E.D. Cal. July 6, 2010) (unpublished) (same); IndyMac Federal Bank, F.S.B. v. Ocampo, No. EDCV 09-2337 PA (DTBx), 2010 WL 234828, *2 (C.D. Cal. Jan. 13, 2010) (unpublished) (same); HSBC Bank, N.A. v. Bryant, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D. Cal. Nov. 10, 2009) (unpublished) (same).

Despite the fact that Juan Lozano failed to oppose plaintiff's motion to remand, the undersigned briefly addresses the suggestion in the Notice of Removal that this court has subject matter jurisdiction over plaintiff's claim because plaintiff's three-day notice to vacate the premises allegedly violated the Protecting Tenants At Foreclosure Act of 2009, Pub. L. No. 111-22, § 702, 123 Stat. 1660 (2009) (the "Act"). (See Notice of Removal ¶¶ 8-10.) Insofar as Mr. Lozano's argument is concerned, the Act provides protections to tenants who reside in properties subject to foreclosure, including the requirement that a 90-day notice to vacate be given to bona fide tenants. See SD Coastline LP v. Buck, No. 10CV2108 MMA (NLS), 2010 WL 4809661, at *1 (S.D. Cal. Nov. 19, 2010) (unpublished).

As an initial matter, it does not appear that Juan Lozano was a bona fide tenant who resided in a foreclosed property. Instead, it appears that he was a former owner of the subject property who was subjected to foreclosure proceedings. Accordingly, it is questionable whether the Act even applied to Juan Lozano.

In any event, federal courts have consistently rejected attempts to premise federal subject matter jurisdiction on the 90-day notice provision provided in the Act. See, e.g., Parkland Sec., Inc. v. Carey, Civ. No. S-11-3281 GEB GGH PS, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished), adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v. Dudley, No. CV 10-8203 GAF (SSx), 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (unpublished); SD Coastline LP, 2010 WL 4809661, at

*2-3; Aurora Loan Servs., LLC v. Martinez, No. C10-01260 HRL, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished). Such rejection is based on the fact that an argument relying on the Act's notice provision is an attempt to premise this court's subject matter jurisdiction on a defense or a counterclaim. An anticipated defense or counterclaim cannot establish a federal question because such a defense or counterclaim does not appear on the face of the complaint.[8] See Vaden v. Discover Bank, 556 U.S. 49, 60 (2009) (stating that federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); accord Takeda v. Nw. Nat'l Life Ins Co., 765 F.2d 815, 822 (9th Cir. 1985); see also Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."); SD Coastline LP, 2010 WL 4809661, at *2-3 (concluding that unlawful detainer defendant's claim or defense based on the Protecting Tenants at Foreclosure Act of 2009 cannot serve as a basis for removal jurisdiction).

In short, no federal question is present on the face of plaintiff's Complaint. Accordingly, 28 U.S.C. § 1331 does not provide this court with subject matter jurisdiction over plaintiff's single claim for unlawful detainer brought pursuant to California law.

    B.    <u>Plaintiff's Request for Attorney's Fees and Costs</u>

Plaintiff argues that it should be permitted to recover from Juan Lozano its attorney's fees and costs incurred in moving to remand this action to the Superior Court. It contends that the removal effectuated by Mr. Lozano, who is proceeding without counsel, was untimely, improper, and designed to frustrate the summary nature of unlawful detainer proceedings. Plaintiff requests an award of $2,000. (Mot. to Remand at 8; Gonzalez Decl. ¶¶ 3-

---

[8] Additionally, federal district courts have concluded that the Protecting Tenants at Foreclosure Act of 2009 does not create a federal private right of action, but provides directives to state courts. See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, No. CIV S-10-1617 MCE EFB PS, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, No. 10-cv-1646 BEN (BLM), 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010) (unpublished).

4.)[9] The undersigned recommends that plaintiff's request be denied.

Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The United States Supreme Court has confirmed that such an award is permissive and left to the discretion of the district court, but is not automatic or even presumptive. See Martin v. Franklin Capital Corp., 546 U.S. 132, 136-40 (2005). Indeed, in Martin, the Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Id. at 141.

Here, the undersigned cannot conclude that Mr. Lozano, who does not appear to be an attorney and is proceeding pro se, lacked an objectively reasonable basis for removal. Mr. Lozano believed that subject matter jurisdiction existed by reason of a potential defense or counterclaim, but was mistaken. However, that determination was by no means patently obvious, at least to a non-attorney. Under these circumstances, the undersigned concludes that sanctions would be inappropriate, if not inequitable, and recommends that plaintiff's request for attorney's fees be denied.

IV. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand is submitted without a hearing, and the July 5, 2012 hearing on plaintiff's motion is VACATED.

2. Plaintiff's request for judicial notice is denied.

Additionally, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion to remand (Dkt. No. 3) be granted and that this matter be remanded to the Superior Court of California, County of San Joaquin.

---

[9] The undersigned notes that the Declaration of Janine Gonzalez contains two paragraphs numbered "4."

      2.      Plaintiff's request for attorney's fees and costs be denied.

      3.      This case be closed and all dates vacated.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also E. Dist. Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. E. Dist. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED and RECOMMENDED.

DATED: June 26, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE